**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

---

**STEVEN LONG, on behalf of himself and
all other similarly situated employees,**

       **Plaintiffs,**

**v.**    No.: _____

**FLOWERS FOODS, INC; FLOWERS
BAKING CO. OF MORRISTOWN, LLC;**    **FLSA COLLECTIVE ACTION**
**AND FLOWERS BAKING CO. OF
KNOXVILLE, LLC**
       **Defendants**

---

### COLLECTIVE ACTION COMPLAINT

---

PLAINTIFF, Steven Long, brings this action against the Defendants on behalf of himself and all others similarly situated.

### I.  JURISDICTION & VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendants do business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

### II.  PARTIES

4. Plaintiff Steven Long is an adult resident of the State of Tennessee. Plaintiff is currently

employed by Defendants as a distributor of fresh and frozen baked goods. Plaintiff has worked for Defendants since approximately August 2013. Plaintiff is a covered employee under the FLSA.

5. Defendant Flowers Foods Inc., is a Georgia corporation with its principal place of business located at 1919 Flowers Circle, Thomasville, Georgia, 31757. Defendant Flowers Foods is an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d). Defendant Flowers Foods may be served with process through its registered agent, Corporation Service Company, 40 Technology Pkwy S, Suite 300, Norcross, Georgia 30092.

6. Defendant Flowers Baking Co. of Knoxville, LLC., is a domestic entity doing business in Middle Tennessee. Defendant Flowers Baking Co. of Knoxville is a wholly owned subsidiary of Flowers Foods, Inc., and was Plaintiff's "employer" as that term is defined under the FLSA. Flowers Baking Co. of Morristown may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

7. Defendant Flowers Baking Co. of Morristown, LLC., is a domestic entity doing business in Middle Tennessee. Defendant Flowers Baking Co. of Morristown is a wholly owned subsidiary of Flowers Foods, Inc., and was Plaintiff's "employer" as that term is defined under the FLSA. Flowers Baking Co. of Morristown may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

8. Defendant Flowers Foods Inc.; Defendant Flowers Baking Co. of Morristown, LLC.; and Defendant Flowers Baking Co. of Knoxville, LLC., were Plaintiff's "joint employer" at all relevant times.

9. In addition to the named Plaintiff, Defendants employ and have employed within the last three

(3) years additional similarly situated employees.

10. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled, and ratified.

### III.     INTRODUCTION

11. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of all persons who worked as distributors for Defendants, at any time during the past three years and up until the date of entry of judgment, and were misclassified as independent contractors and denied proper overtime compensation for hours worked in excess of 40 hours per week.

12. The collective action claims are for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

### IV.     FACTUAL BASIS FOR SUIT

13. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's consent to be a party to this collective action pursuant to 29 U.S.C. §216(b), is attached to the Complaint.

14. This action is filed on behalf of all individuals who worked as distributors for Defendants under an agreement with Flowers Baking Co. of Knoxville, LLC., and/or Flowers Baking Co. of Morristown, LLC. and who were classified by Defendants as "independent contractors" at any time within the past three years from the date of the filing of this action.

15. Plaintiff and those similarly situated work as "distributors" for Defendants to deliver baked goods to their customers (primarily grocery stores, mass retailers, and fast food chains).

Plaintiff and others similarly situated job duties consist of deliver Defendant's products, stocking the product on store shelves, and assembling promotional displays which are designed and provided by Defendants.

16. Plaintiff and other similarly situated workers are classified by Defendants as "independent contractors." However, Defendants maintain operational control over virtually all aspects of the distributors' jobs.

17. Specifically, Defendants maintain the right to, *inter alia,* negotiate the wholesale price for the purchase and sale of products, the right to negotiate shelf space in the stores, the right to negotiate the retail sale price for products, the right to establish sales and promotions, the right to change orders placed by distributors, the right to assign delivery stops and dictate the order of delivery, and the right to discipline and terminate distributors.

18. Because they were misclassified as non-employees, the named Plaintiff and other similarly situated distributors were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

19. Defendants regularly and repeatedly suffered and permitted Plaintiff and similarly situated distributors to work more than 40 hours per week without overtime compensation.

20. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendants. While Plaintiff us unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

21. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and those similarly situated, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

22. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

23. Defendants' intentional failure to pay Plaintiff and others similarly situated all of their wages is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for straight time, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former individuals who worked as distributors for Defendants are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint. Plaintiff is representative of those other current and former distributors and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest,

attorneys' fees, and costs under the FLSA.

## V.  CAUSES OF ACTION

25. The allegations set forth in the preceding paragraphs are incorporated herein.

26. Plaintiff, on behalf of himself and others similarly situated, bring the following cause of action against Defendants: Willful violation of the Fair Labor Standards Act of 1938.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

A. An Order designating this action as an opt in collective action for claims under the FLSA, and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action;

C. A Declaration that Defendants have willfully violated the FLSA;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable statutory damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

s/*Michael L. Russell*
MICHAEL L. RUSSELL # 20268
EMILY S. EMMONS #33281
341 Cool Springs Blvd, Suite 230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Email: mrussell@gilbertfirm.com
eemmons@gilbertfirm.com


s/*Michael L. Weinman*
Michael L. Weinman (#015074)
WEINMAN THOMAS LAW FIRM
112 S. Liberty Street, Suite 321
P.O. Box 266
Jackson, TN 38302
(731) 423-5565
mike@weinmanthomas.com

*Attorneys for Plaintiff*